The existence of the jurisdictional facts which must underlie the order to give it vitality and validity, may be challenged in another forum.

**Sullivan** and **Dustin, JJ.,** concur.

---

## PLEADINGS.

[Cuyahoga (8th) Circuit Court, June 26, 1905.]

Marvin, Winch and Henry, JJ.

*\*Bulloch Beersford Mfg. Co. v. H. E. Hedges.*

Verification of Pleadings by Corporation.

   The provisions of Rev. Stat. 5109 (Lan. 8624) regarding verification of pleadings by agents and attorneys apply to the pleadings of corporations as well as those of natural persons.

[For other cases in point, see 3 Cyc. Dig., "Corporations," §§ 1876, 1877; 6 Cyc. Dig., "Pleadings," §§ 1230-1285.—Ed.]

[Syllabus by Judge Winch.]

Error to Cuyahoga common pleas court.

**G. A. Grott,** for plaintiff in error.

**W. J. Patterson,** for defendant in error.

**WINCH, J.**

The question presented by the petition in error in this case is, whether a petition in an action instituted by a corporation having its place of business within the county should be stricken from the files be-

---

*Affirmed, *Bullock Beresford Mfg. Co.* v. *Hedges*, 75 Ohio St. 000; 52 Bull. 157.

### Bullock Beersford Mfg. Co. v. Hedges.

cause it was not verified by an officer of the corporation. The verification complained of was by the corporation's attorney, no reason being given why it was not verified by an officer, and no statement being made that the facts were within the personal knowledge of the attorney.

This question requires a construction of Rev. Stat. 5102, 5109 (Lan. 8617, 8624); the former section, so far as applicable, reads as follows:

"Every pleading of fact, * * * must be verified by the affidavit of the party, his agent or attorney; when a corporation is the party, the verification may be made by an officer thereof, its agent or attorney."

Revised Statute 5109 (Lan. 8624) provides:

"The affidavit verifying a pleading can be made by the agent or attorney only when"—then follow four specified cases when it can be done, within none of which the verification in this case is brought.

It is said that Rev. Stat. 5109 (Lan. 8624), does not apply to the pleading of a corporation. The common pleas court held otherwise. We apprehend that it was right.

Were it not for Rev. Stat. 5109 (Lan. 8624), under a fair construction of Rev. Stat. 5102 (Lan. 8617), read without reference to any other law, we take it that every pleading, whether of a natural or artificial person might be verified by an agent or attorney, without restriction or qualification.

The same may be said of Rev. Stat. 5109 (Lan. 8624): Read by itself it applies to all pleadings, whether of natural or artificial persons. It is a manifest limitation upon the privilege of having pleadings verified by agents or attorneys, granted under Rev. Stat. 5102 (Lan. 8617).

It would seem, then, that by combining the two sections there would not result any exemption of corporations from the operation of Rev. Stat. 5109 (Lan. 8624), though we are aware that the conclusion reached by the common pleas court of Cuyahoga county is not in harmony with the conclusion reached by the common pleas court of Franklin county, *Standard Fashion Co.* v. *Dean,* 8 Dec. 389 (7 N. P. 127), and the common pleas court of Lucas county, *Northern Nat. Bank* v. *Rolling Mill Co.* 2 Dec. 67 (2 N. P. 260).

The two cases last cited proceed upon the proposition that officers, agents and attorneys of corporations are all of them its agents. True, but it does not follow that all its agents and attorneys are officers, and we believe that the only agents of a corporation who may verify its pleadings without restriction are such as are strictly officers, having charge and control of its affairs, whom the law must presume to have

sufficient knowledge of its affairs to warrant them in verifying statements of fact on its behalf, as though made for themselves.

The judgment is affirmed.

**Henry, J.,** concurs.

**Marvin, J.,** dissents.